# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2781

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Darrell B. Caldwell, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: June 6, 2000

Filed: June 13, 2000

_____

Before WOLLMAN, Chief Judge, HEANEY, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

Darrell B. Caldwell challenges the sentence imposed by the district court on remand following his appeal in United States v. Caldwell, 88 F.3d 522, 524-27 (8th Cir.), cert. denied, 519 U.S. 1048 (1996). We affirm.

In 1995, a jury convicted Caldwell of conspiracy to manufacture and distribute marijuana, in violation of 21 U.S.C. § 846, and manufacturing and possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At trial, Caldwell's codefendant, Gary Jones, testified that for fifteen years Caldwell had sold him--on average of once a month--between one ounce and three pounds of marijuana. Jones also linked Caldwell to certain marijuana plants seized in Arkansas. At

sentencing, the district court determined that 6,108.2 kilograms of marijuana (processed and in the form of marijuana plants) had been seized, and was attributable to Caldwell. Further, the court credited Jones's testimony that he had purchased marijuana from Caldwell over a fifteen-year period, but limited its calculation of drug quantity based on Jones's testimony to the five-year period that could have been charged in the indictment under the statute of limitations. Next, using 6,108.2 kilograms of marijuana as the annual quantity, the court multiplied it by five, yielding 30,541 kilograms of marijuana for a base offense level of thirty-eight. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (1994) (at least 30,000 kilograms of marijuana). Caldwell was sentenced to 360 months imprisonment and five years supervised release.

On appeal, we vacated Caldwell's sentence, holding that the district court clearly erred in concluding that, because a certain quantity of drugs was seized in 1993, the same quantity could be attributed to Caldwell for each preceding year. We also noted the government had conceded resentencing was necessary in light of Amendment 516 to the Sentencing Guidelines (reducing equivalency figure for marijuana plant tenfold). We remanded with the following instructions:

> When the [district] court calculates the amount of drugs involved in this case at resentencing, it may include the amount of marijuana seized by the government (674.9 kilograms),[1] the amount of marijuana Jones testified to purchasing from Caldwell (anywhere from a minimum of 1.7 kilograms to a maximum of 81.65 kilograms), and any other amounts linked to Caldwell by something more than pure speculation.

88 F.3d at 527-28.

At resentencing, the district court held Caldwell responsible for the seized marijuana plus 81.65 kilograms, representing the quantity of marijuana Caldwell sold

---

[1]For purposes of resentencing, the weight of the 6,037 plants the government seized was reduced to 603.7 kilograms under Amendment 516; combined with the additional 71.2 kilograms of processed marijuana seized, the marijuana actually seized equaled 674.9 kilograms. See Caldwell, 88 F.3d at 527.

Jones, for a total of 756.55 kilograms. Caldwell objected, arguing that Jones's testimony did not support his purchasing 81.65 kilograms of marijuana from Caldwell, that the record contained no evidence that some 4,867 plants seized in Arkansas had been cultivated, and that the evidence insufficiently linked him to those plants. The court responded that the court had ruled on these issues in the initial sentencing, and the issues "ha[d] been through the Eighth Circuit." The district court thus determined the drug quantity to be 756.55 kilograms and resentenced Caldwell to concurrent 160-month terms of imprisonment.

In the instant appeal, Caldwell challenges the 81.65 kilogram figure, contending Jones's testimony was unreliable and uncertain; he also challenges the 486.70 kilogram figure, again contending Jones's testimony was unreliable and there was insufficient evidence linking Caldwell to the Arkansas plants. We agree with the government that Caldwell's challenges to the drug-quantity calculation fail, because we specifically held that the district court was free to include these amounts in its calculation on remand.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.